# EXHIBIT "A-1"

Electronically Filed at
3/31/2016 4:57:59 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

CAUSE NO. 16-03-32890-mcv

| | | |
|---|---|---|
| PATRICIA SARMIENTO RUIZ AND TAMMY LUGO | ‖ | IN THE DISTRICT COURT |
| VS. | ‖ | 293rd _____ JUDICIAL DISTRICT |
| GT XPRESS AND ENRIQUE GONZALEZ | ‖ | MAVERICK COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION (WITH DISCOVERY)

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Patricia Sarmiento Ruiz and Tammy Lugo file Plaintiffs' Original Petition, complaining of Defendants Enrique Gonzalez and GT Xpress. For cause of action, Plaintiffs would show the Honorable Court as follows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery pursuant to a level three discovery control plan.

### II.

### PARTIES

Plaintiff Patricia Sarmiento Ruiz is an individual residing in Texas.

Plaintiff Tammy Lugo is an individual residing in Texas.

Defendant Enrique Gonzalez resides in Los Angeles County, California. Pursuant to Tex. Civ. Prac. & Rem. Code Section 17.062(a), he may be served with process by serving the chairman of the Texas Transportation Commission, Ted Houghton, at 125 E. 11th Street, Austin, Texas 78701-2483 who may then forward process to Enrique Gonzalez at 4534 Pina Fore, Los Angeles, CA 90008.

Defendant GT Xpress is a company based in California and operating in Texas and may be served through its registered agent for service of process in Texas, Jeffrey Fultz, at 5625 Cypress Creek Pkwy, Houston, Texas 77069.

### III.



ed at 03/31/2016 12:00:00 AM Leopoldo Vielma, District Clerk
averick County, Texas    BY _____ DEPUTY
.AINTIFF ORIGINAL PETITION    1029040

Electronically Filed at
3/31/2016 4:57:59 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

## VENUE

Venue is proper in Maverick County because all or a substantial part of the events or omissions giving rise to this claim occurred in the county. Texas Civ. Prac. & Rem. Code § 15.002(a)(1).

### IV.

### FACTS

Defendant GT Xpress is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration. Defendant hired, qualified, and retained Defendant Enrique Gonzalez as a truck driver. At all times relevant to this lawsuit, Defendant Gonzalez was acting in the course and scope of Enrique Gonzalez's actual and/or statutory employment with Defendant GT Xpress.

On or about October 7, 2015, Plaintiffs were involved in a collision with Defendants' vehicle in Eagle Pass, Texas. Plaintiffs were traveling in the center lane of Del Rio Blvd when Defendant Gonzalez negligently attempted to merge into Plaintiffs' lane of travel. During this lane change, Defendant Gonzalez collided with Plaintiffs' vehicle causing personal injuries to Plaintiffs.

### V.

### CAUSE OF ACTION

Defendant Enrique Gonzalez was negligent in the operation of the tractor-trailer. Specifically, Defendant Enrique Gonzalez failed to pay attention to the roadway, merged when unsafe to do so, and collided with Plaintiffs vehicle. As a direct and proximate result of this negligence, Plaintiffs sustained personal injuries. Defendant GT Xpress is vicariously liable for the negligence of Defendant Enrique Gonzalez under the statutory employment doctrine as well as the doctrine of respondeat superior.

Based on the facts of this wreck, it appears that Defendant Enrique Gonzalez may have been fatigued or driving in violation of the hours-of-service regulations. It further appears that Defendant GT Xpress may have been negligent in its entrustment of a tractor-trailer to Defendant Enrique Gonzalez, and in the qualification, hiring, training, supervision, and retention of Defendant Enrique

Electronically Filed at
3/31/2016 4:57:59 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Gonzalez.

## VI.

## DAMAGES

Plaintiffs seek to recover the following elements of damages, which were proximately caused by Defendants' negligence:

1. Medical care, past and future;
2. Lost wages and earning capacity, past and future;
3. Physical impairment, past and future;
4. Physical pain, emotional distress, and mental anguish, past and future; and
5. Disfigurement, past and future.

Plaintiffs also seek to recover prejudgment interest, post-judgment interest, and court costs. Each Plaintiff's damages exceed the Court's jurisdictional minimum and exceed $75,001.00. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief of over $1,000,000.00.

## VII.

## REQUEST FOR DISCLOSURE

Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## VIII.

## INTERROGATORIES TO DEFENDANT ENRIQUE GONZALEZ

Plaintiffs, pursuant to Tex. R. Civ. Procedure 196 and 197 propound the following Interrogatories to Defendant Enrique Gonzalez. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiffs also request that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

Interrogatory 1.   Please state how you contend the collision in question occurred.

RESPONSE:

Interrogatory 2.   Please state the positions held, general job descriptions, and lengths of employment of Enrique Gonzalez at the time of the collision in question.
RESPONSE:

Electronically Filed at
3/31/2016 4:57:59 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Interrogatory 3.    Please state the full extent of any training, education, or experience concerning driving techniques or principles Enrique Gonzalez has received.

RESPONSE:

Interrogatory 4.    Was Enrique Gonzalez acting in the course and scope of his employment with GT Xpress at the time of the collision made the basis of this lawsuit? If you are contending that Enrique Gonzalez was not acting in the course and scope of employment for GT Xpress at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 5.    If the vehicle driven by Enrique Gonzalez that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

Interrogatory 6.    Please list all traffic accidents in which Enrique Gonzalez has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 7.    Please give a description of all traffic violations for which Enrique Gonzalez has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Interrogatory 8    With respect to collisions or accidents involving one of GT Xpress's vehicles and/or a driver employed by you or under contract with GT Xpress, please state:
a.   When the driver is required to make a report and to whom;
b.   A description of any written report required to be made by any person with GT Xpress and/or the driver;
c.   Where and in whose custody such reports are kept;
d.   When a driver must submit for a drug test by giving a urine sample; and
e.   When such report must be reported to the federal government.

RESPONSE:

Interrogatory 9.    Did Enrique Gonzalez receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Enrique Gonzalez paid the ticket, did Enrique Gonzalez plead guilty? What court did Enrique Gonzalez have to appear in or call to resolve the citation or ticket?

RESPONSE:

Interrogatory 10.    Do you contend that someone other than Enrique Gonzalez (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE:

Interrogatory 11.    Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective belief?

Electronically Filed at
3/31/2016 4:57:59 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

RESPONSE:

Interrogatory 12: What does GT Xpress do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If GT Xpress uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 13: Does GT Xpress use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

Interrogatory 14: For any cell phone used by or issued to Enrique Gonzalez during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identify the cell phone carrier and the cell phone number.

RESPONSE:

IX.

## INTERROGATORIES TO DEFENDANT GT XPRESS

Plaintiffs, pursuant to Tex. R. Civ. Procedure 196 and 197 propound the following Interrogatories to Defendant GT Xpress. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiffs also request that Defendant continue to supplement its responses to these Interrogatories as provided for by the Rules.

Interrogatory 1. Please state how you contend the collision in question occurred.

RESPONSE:

Interrogatory 2. Please state the positions held, general job descriptions, and lengths of employment of Enrique Gonzalez at the time of the collision in question.

RESPONSE:

Interrogatory 3. Please state the full extent of any training, education, or experience concerning driving techniques or principles Enrique Gonzalez has received.

RESPONSE:

Interrogatory 4. Was Enrique Gonzalez acting in the course and scope of his employment with GT Xpress at the time of the collision made the basis of this lawsuit? If you are contending that Enrique Gonzalez was not acting in the course and scope of employment for GT Xpress at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 5. If the vehicle driven by Enrique Gonzalez that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

Electronically Filed at
3/31/2016 4:57:59 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

RESPONSE:

Interrogatory 6. Please list all traffic accidents in which Enrique Gonzalez has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 7. Please give a description of all traffic violations for which Enrique Gonzalez has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Interrogatory 8 With respect to collisions or accidents involving one of GT Xpress's vehicles and/or a driver employed by you or under contract with GT Xpress, please state:
  a. When the driver is required to make a report and to whom;
  b. A description of any written report required to be made by any person with GT Xpress and/or the driver;
  c. Where and in whose custody such reports are kept;
  d. When a driver must submit for a drug test by giving a urine sample; and
  e. When such report must be reported to the federal government.

RESPONSE:

Interrogatory 9. Did Enrique Gonzalez receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Enrique Gonzalez paid the ticket, did Enrique Gonzalez plead guilty? What court did Enrique Gonzalez have to appear in or call to resolve the citation or ticket?

RESPONSE:

Interrogatory 10. Do you contend that someone other than Enrique Gonzalez (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE:

Interrogatory 11. Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective belief?

RESPONSE:

Interrogatory 12: What does GT Xpress do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If GT Xpress uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 13: Does GT Xpress use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

Electronically Filed at
3/31/2016 4:57:59 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Interrogatory 14: For any cell phone used by or issued to Enrique Gonzalez during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identify the cell phone carrier and the cell phone number.

RESPONSE:

## X.

## REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiffs request that, within the time prescribed by law, Defendants Enrique Gonzalez and GT Xpress produce and permit Plaintiffs to inspect and copy the documents and things described in the requests below, and as instructed below. Plaintiffs request that Defendants produce the documents at the office of Cowen | Mask | Blanchard, 62 E. Price Road, Brownsville, Texas 78521.

1. Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

2. Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

3. Any and all photographs of the scene of the collision in question.

4. Any and all photographs that you intend to use at trial.

5. Any and all photographs, videotapes or other depictions of Plaintiff.

6. Any and all photographs, videotapes or other depictions of Enrique Gonzalez.

7. Any and all witness statements.

8. Any and all statements from Plaintiff.

9. Any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

10. Any and all documents related to Enrique Gonzalez's employment with GT Xpress.

11. Any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

12. Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Enrique Gonzalez relating to his employment with GT Xpress.

Electronically Filed at
3/31/2016 4:57:59 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

13. Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiffs, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

14. Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

15. Any written, taped or mechanically reproduced statement heretofore made of Plaintiff, Defendants, and/or Defendants' agents or employees.

16. Any records or documentation (medical or non-medical) concerning Enrique Gonzalez that would indicate whether Enrique Gonzalez was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

17. Any records or documentation (medical or non-medical) concerning Enrique Gonzalez that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

18. Any records or documentation (medical or non-medical) that would indicate that Enrique Gonzalez was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

19. A photostatic copy of the front and back of Enrique Gonzalez's current driver's license and any commercial license.

20. A copy of any company vehicle use records for the one hundred eighty (180) days preceding and including the date of the collision in question.

21. Any documentation concerning Enrique Gonzalez involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

22. All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Enrique Gonzalez at the time of the collision in question.

23. All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that Enrique Gonzalez was an unsafe driver.

24. All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

25. If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial

Electronically Filed at
3/31/2016 4:57:59 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

chance that litigation would ensue.

26. Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

27. Any insurance policies that provide, or may provide, coverage for the collision in question.

28. Any reservation of rights letters or non-waiver agreements.

29. Any cell phone bills that would show whether or not Enrique Gonzalez was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

30. All cell phone bills and records for any cell phone used by Enrique Gonzalez for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

31. Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

32. All expense receipts and reports submitted by Enrique Gonzalez for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

33. All incident reports generated by Enrique Gonzalez or GT Xpress regarding the collision at issue in this lawsuit.

34. If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, Enrique Gonzalez drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by Enrique Gonzalez for that time period.

35. Enrique Gonzalez's log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

36. GT Xpress's complete driver qualification file on Enrique Gonzalez.

37. All personnel files, accident files, and other files and documents that GT Xpress maintains or possesses regarding Enrique Gonzalez.

38. All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by Enrique Gonzalez during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

39. All Qualcomm records and data regarding any vehicle operated by Enrique Gonzalez, and any communications to and from Enrique Gonzalez, for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

40. All documents and data that shows the speed, location, ignition status, brake status,

Electronically Filed at
3/31/2016 4:57:59 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by Enrique Gonzalez during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

41. All monthly log summary sheets for Enrique Gonzalez for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

42. All notice of logging violations for Enrique Gonzalez for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

43. The accident register for GT Xpress.

44. All safety performance history records regarding Enrique Gonzalez.

45. All driver's vehicle inspection reports completed by Enrique Gonzalez for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

46. All pretrip check lists completed by Enrique Gonzalez for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

47. The vehicle accident kit issued to Enrique Gonzalez.

48. An exemplar blank vehicle accident kit used by GT Xpress.

49. All dispatch and trip reports regarding any vehicle operated by Enrique Gonzalez for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

50. All trip cost report envelopes for any vehicle operated by Enrique Gonzalez for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

51. All OmniTRACS data regarding any vehicle operated by Enrique Gonzalez for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

52. Copies of all documents obtained by deposition on written question or subpoena.

53. All documents regarding any audits or examinations performed of GT Xpress by any state or federal agency, including but not limited to any state department of transportation, any state department of motor vehicle, the U.S. Department of Transportation, and the Federal Motor Carrier Safety Administration.

## XI.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that citation be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiffs and against Defendants, jointly and severally, for actual damages, together with prejudgment interest,

Electronically Filed at
3/31/2016 4:57:59 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

postjudgment interest, and court costs.

                Respectfully submitted,

                /s/ Malorie Peacock

                Michael R. Cowen
                Texas Bar No. 00795306
                Malorie Peacock
                Texas Bar No. 24077293
                COWEN | MASK | BLANCHARD
                62 E. Price Road
                Brownsville, Texas
                Telephone: (956) 541-4981
                Facsimile: (956) 504-3674
                Email: fax@cmbtrial.com